IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY MARSH, as next of kin and personal representative of the Estate of ELLEN MARSH, | Case No. 22-CV-50023 |
| Plaintiff, | Judge: Philip G. Reinhard |
| v. | Magistrate Judge: Lisa A. Jensen |
| GARY CARUANA, Winnebago County Sheriff, Individually and in his Official Capacity, ROBERT REDMOND, Winnebago County Jail Superintendent, Individually and in his Official Capacity, THE SALVATION ARMY, and WINNEBAGO COUNTY, | |
| Defendants. | |

**DEFENDANTS GARY CARUANA, ROBERT REDMOND AND WINNEBAGO COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FIRST AMENDED COMPLAINT**

NOW COME DEFENDANTS GARY CARUANA, ROBERT REDMOND, and WINNEBAGO COUNTY (hereinafter, "the County Defendants"), by and through their attorney, Michael F. Iasparro of Hinshaw & Culbertson LLP, and for their Motion for Judgment on the Pleadings as to the First Amended Complaint, state as follows:

**Introduction**

On November 17, 2022, this Court issued its Order granting the County Defendants' motion for judgment on the pleadings as to all claims and counts against them in the Complaint filed in this matter. (Dkt. 42). In that Order, this Court agreed with the County Defendants that:

1. Dismissal of Sheriff Caruana and Superintendent Redmond from the initial Complaint was proper because they were neither named specifically as a defendant in any of the six counts of the initial Complaint, nor did Plaintiff allege that either of them were personally involved in the decision to furlough Shane Bouma.

1

2. Defendants Winnebago County Sheriff's Department and the Winnebago County Jail are not suable legal entities for purposes of a 42 U.S.C. § 1983 claim.

3. None of the County Defendants had a constitutional duty to protect Ellen Marsh, Plaintiff's decedent, from Shane Bouma. *See Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824 (7th Cir. 2009).

4. Plaintiff waived any argument in response to the County Defendants' argument that all Illinois state law claims against the County Defendants are defeated because the County Defendants are subject to immunity under three separate provisions of the Illinois tort immunity act, specifically 745 ILCS 10/4-102, 745 ILCS 10/4-107 and 745 ILCS 10/4-106(b).

Toward the end of its Order, this Court stated, "It is not clear whether any of these issues can be corrected in an amended complaint. However, the court will give plaintiff three weeks to file an amended complaint if he desires to do so and if he can do so consistent with this order." Plaintiff has now filed a First Amended Complaint ("FAC"), but has not adequately corrected the legal deficiencies of the initial Complaint in this matter. In order to highlight the revisions of the FAC compared to the initial Complaint, attached hereto as Exhibit A is a "compare" version tracking the revisions. For the reasons set forth below, judgment on the pleadings should be entered for the County Defendants as to the FAC as well.

**Sheriff Caruana and Superintendent Redmond Should Again be Dismissed**

Sheriff Caruana and Superintendent Redmond are now named in the captions of Count I (42 U.S.C. § 1983), Count III (Negligence), Count IV (Willful and Wanton), Count V (Wrongful Death) and Count VI (Survival Act). In Counts III-VI, however, Sheriff Caruana is incorrectly

identified as "Superintendent Caruana" and Superintendent Redmond is incorrectly identified as "Sheriff Redmond." Regardless, the only additional allegations in the FAC which purport to allege any personal involvement by either Sheriff Caruana or Superintendent Redmond in the decision to furlough Shane Bouma are found at paragraphs 86-89, as follows:

> 86. Defendant Caruana was responsible for the implementation and promulgation of Winnebago County Sheriff policies, including the decision to furlough Bouma.
>
> 87. Defendant Redmond was responsible for the implementation and promulgation of Winnebago County Jail policies, including the decision to furlough Bouma.
>
> 88. Defendants Caruana and Redmond knowingly failed to monitor Bouma after his escape.
>
> 89. Defendants Caruana and Redmond knowingly failed to take any action when it was known to them that Bouma had escaped.

But none of those allegations actually allege any personal involvement by either Sheriff Caruana or Superintendent Redmond in the decision to furlough Shane Bouma. First, paragraphs 86 and 87 broadly conflate the implementation and promulgation of Sheriff's Department (for Sheriff Caruana) and Winnebago County Jail (for Superintendent Redmond) policies – policies which are nowhere identified or delineated in the FAC – with "the decision to furlough Bouma." Beyond those conclusory allegations, there is no causal link alleged between the unidentified "policies" and "the decision to furlough Bouma." Moreover, those allegations are inconsistent with allegations elsewhere in the FAC. For example, paragraph 18 alleges, "<u>Winnebago County</u> [not the Sheriff's Department or the Jail] allows inmates to be released from jail on furlough and participate in recovery programs." (Emphasis added). Paragraph 20 alleges, "<u>Winnebago County's</u> furlough program has proved that it is an affirmative action that puts the public in dangerous situations by allowing violent criminals to escape." (Emphasis added). Paragraph 27 alleges, "<u>Winnebago County's</u> *de facto* furlough policies put the public in danger as it (sic) failed

1050842\312187205.v1

to outline and/or enforce necessary procedures when an inmate violates his/her furlough." (Emphasis added). Paragraph 40 alleges, "<u>Winnebago County's</u> *de facto* policies regarding furloughs, and Salvation Army's negligence, directly put the public in danger of harm by furloughed inmates, charged with committing violent crimes." (Emphasis added).

What is the actual policy being alleged? The FAC nowhere says. And is the unidentified policy a formal written policy, or a "de facto" policy as paragraph 27 alleges? And whose policy is it, Winnebago County's (see ¶¶ 18, 20, 27 and 40), the Winnebago County Sheriff's Department's (see ¶86), or the Winnebago County Jail's (see ¶87). The FAC does not provide any clarification to these questions, and is inherently inconsistent with respect to these points.

The FAC is similarly inconsistent with respect to whose conduct actually led to the furlough of Shane Bouma. For example, at paragraphs 58 and 59, the FAC alleges that Shane Bouma was furloughed pursuant to court orders agreed to by Bouma's attorney and the State's Attorney – with no involvement in that decision by Sheriff Caruana or Superintendent Redmond anywhere referenced. Moreover, while the FAC is wrong about whether a warrant was issued due to Bouma's failure to appear on December 21, 2020 (*cf.* ¶¶61-62 of the FAC with Exhibit E to the FAC, which establishes that the Warrant of Arrest was issued and signed by Judge Brendan Maher on December 21, 2020), all allegations regarding the request for, and issuance of, the warrant relate to the State's Attorney and the Court – not Sheriff Caruana or Superintendent Redmond. *See* FAC ¶65 ("On February 2, 2021, a Court status was held and Bouma was not in court. The State requested and the Court issued a warrant for the arrest of Bouma due to his failure to appear at the December court date, over a month before the killing.")

The new allegations at paragraphs 88 and 89 of the FAC, by contrast, allege conduct (or lack thereof) by Sheriff Caruana and Superintendent Redmond <u>after</u> Bouma was furloughed, and

4

*after* he left his furlough. *See* ¶88 (Defendants Caruana and Redmond knowingly failed to monitor Bouma *after* his escape) and ¶89 (Defendants Caruana and Redmond knowingly failed to take any action when it was known to them that Bouma had escaped). In short, the FAC still does not allege that either Sheriff Caruana or Superintendent Redmond had any personal involvement in the decision to furlough Bouma. As such, Count I should be dismissed as to both Sheriff Caruana and Superintendent Redmond.

### The Winnebago County Sheriff's Department and Jail Should be Dismissed, Again

Inexplicably, and despite this Court's Order of November 17, 2022, the Winnebago County Sheriff's Department and the Winnebago County Jail, despite not being suable legal entities, are again named in the captions to Counts I and II of the FAC. Neither the Winnebago County Sheriff's Department nor the Winnebago County Jail are legal entities, or "persons" under 42 U.S.C. § 1983, and are not capable of being sued. *See Wemple v. Ill. State Police*, 2005 U.S. Dist. LEXIS 18189, *6 (U.S. Dist. Ct. SDIL, Aug. 8, 2005) (dismissing with prejudice the Macoupin County Police, Macoupin County Jail and Staunton Police Department from a § 1983 lawsuit because they do not exist as formal legal entities under Illinois law and therefore cannot be sued); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983). For the same reasons set forth in the County Defendants' first Motion for Judgment on the Pleadings, and agreed to by this Court, both those parties should again be dismissed from the case in their entirety.

### The State-Created Danger Exception Remains Inapplicable

Plaintiff has attempted to close the proximate cause gap noted by this Court in its November 17, 2022 Order, but has failed to do so. Relying, again, on the so-called "state-created

danger" exception, Plaintiff focuses on Shane Bouma's relationship with his then-girlfriend, including allegations that Bouma had a history of violence toward her, that the County Defendants should have known Bouma would seek to contact his girlfriend while on furlough (or having left or escaped from furlough), and that Ellen Marsh lived less than a mile from Bouma's girlfriend. *See* ¶¶ 72-77 and 93-101 of FAC. These new allegations fail to move the needle into the plausible claim column.

The law remains that the Constitution "generally does not impose upon the state a duty to protect individuals from harm by private actors." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The *Buchanan-Moore* case remains instructive, and dispositive of the § 1983 claims in Counts I and II of the FAC. Even with the new allegations (and in particular the allegation that Ellen Marsh lived less than one mile from Bouma's girlfriend), Ms. Marsh was not in a sufficiently "definable population" and the danger from Bouma was still only "to the public at large." *Id.* at 828. Even the one-mile radius net which Plaintiff attempts to cast is a large geographic area, shared by hundreds if not thousands of residents in the "urban, residential community" which Plaintiff describes in the FAC (*see* ¶12). As in *Buchanan-Moore*, even a risk to residents of that section of the City of Rockford (really one mile in each direction from Bouma's girlfriend's house, as Plaintiff describes) cannot meet the causation requirement for the state-created danger exception. "Such a generalized, amorphous zone of danger is insufficient to trigger a state duty to protect." *Id.* The risk to all residents within a one-mile radius of Bouma's girlfriend's home is still too amorphous to meet the causation requirements. *See* 11/17/2022 Order at 7; *cf.* Complaint at ¶84 (Dkt. 1) with FAC at ¶93. Simply put, there still is no daylight between *Buchanan-Moore* and this case, and therefore the § 1983 claims fail, both substantively (Count I) and under a *Monell* theory (Count II). *See Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)

1050842\312187205.v1

(explaining that § 1983 municipal liability is derivative in nature, and that absent a constitutional injury there can be no claim against a municipality).

### **Plaintiff Waived His State Law Claims and, Regardless, Tort Immunity Applies**

Count III of the FAC is a negligence claim under Illinois common law, now pled against Winnebago County, the Salvation Army, Sheriff Caruana (misidentified as Superintendent Caruana) and Superintendent Redmond (misidentified as Sheriff Redmond). The same parties are listed (and misidentified) as to Counts IV (Willful and Wanton), V (Wrongful Death) and VI (Survival Act). The negligence claim against Winnebago County, previously pled in the original Complaint, was already dismissed. In fact, in briefing the County Defendants' first motion for judgment on the pleadings, which attacked the original Complaint, Plaintiff did not even respond to the County Defendants' arguments that three separate provisions of the Illinois Tort Immunity Act defeated Plaintiff's state law claims against any and all of the Winnebago County Defendants. As this Court ruled in its November 17, 2022 Order, by not responding, Plaintiff waived any arguments against dismissal. Order at 8. As such, Plaintiff abandoned those state law claims. A party cannot file an amended complaint to replead claims that were previously abandoned. *Thorsen v. Cmty. Unit Sch. Dist. 300*, 2021 U.S. Dist. LEXIS 85530, at *21 (N.D. Ill. May 5, 2021); *Motta & Motta LLLC, et al. v. Lawyers 777, LLC*, 2020 U.S. Dist. LEXIS 142640, at *16-19 (N.D. Ill. Aug. 7, 2020).

Moreover, as the Court also previously noted, the "straightforward language of [the tort immunity] provisions" previously cited (and again cited herein) should apply to the state law allegations. Under the Local Governmental and Governmental Employees Tort Immunity Act, and specifically section 10/4-102, "Neither a local public entity nor a public employee is liable for failure to … provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." *See* 745

7

ILCS 10/4-102. *See Kavanaugh v. Midwest Club, Inc.*, 164 Ill. App.3d 213, 517 N.E.2d 656 (2nd Dist. 1987) (municipality is not liable for its failure to supply police protection except where the municipality is under a special duty to a particular individual).

> While the duty of police to preserve a community's well-being and to prevent the commission of crimes is owed to the public at large, not to specific individuals, and is the reason for the public policy allowing immunity under these circumstances, an exception arises where the police have assumed a special relationship or are under a special duty to an individual which elevates his status beyond that of a member of the general public.

*Id.* at 227.

As with the initial Complaint, Plaintiff's claim is defeated by the FAC itself as a matter of law. Plaintiff has failed to plead any special relationship between the named County Defendants and Ellen Marsh. *See* FAC at ¶93 ("At all relevant times hereto, the Defendants, acting under color of law, had a special relationship **with the residents of Winnebago County, including Ellen Marsh**, **who lived less than a mile from Bouma's girlfriend's residence,** that such persons, were foreseeably accessible to Bouma, an escaped and dangerous inmate.") (Emphasis added). Despite using the phrase "special relationship," and now trying to reduce the geographic area to a one-mile radius around Shane Bouma's girlfriend's residence, this allegation actually still pleads that the County Defendants had a special relationship with all residents of the County of Winnebago, <u>including</u> those within the one-mile radius around Shane Bouma's girlfriend's residence, a theory which the law again simply does not support.

In addition, section 10/4-107 states, "Neither a local public entity nor a public employee is liable for an injury caused by the failure to make an arrest or by releasing a person in custody." *See* 745 ILCS 10/4-107. *See Vasconcelles v. Springfield*, 170 Ill.App.3d 404, 524 N.E.2d 720 (4th Dist. 1998) (745 ILCS 5/4-202 and 10/4-107 unequivocally provided immunity for defendant city,

probation officers, and State's attorney in case seeking damages for wrongful death of victim killed by individual formerly on probation, who had been reported to have threatened victim); *Jamison v. Chicago*, 48 Ill.App.3d 567, 363 N.E.2d 87 (1st Dist. 1977) (745 ILCS 10/4-102 and 10/4-107 provide immunity for a city and its police officers where a person about whom the police had been warned was behaving strangely and violently toward family members, and whom the police did not attempt to arrest, shot and killed a stranger). Like in *Jamison*, here Ellen Marsh was a stranger to Shane Bouma, and there is no indication or allegation that there was any previous relationship between Bouma and Marsh, nor that any of the County Defendants would have (or did) have any reason to know that Marsh – in particular – was in danger from Bouma. Simply because Ellen Marsh lived within a one-mile radius of Shane Bouma's girlfriend, where apparently law enforcement should have had reason to know he would go, does not change the analysis. Section 10/4-107 is directly on point, and provides complete immunity to all of the County Defendants.

In addition, section 4-106(b) of the Tort Immunity Act immunizes municipalities and employees from liability for injuries inflicted by an escaped or escaping prisoner. *See* 745 ILCS 10/4-106(b) ("Neither a local public entity nor a public employee is liable for: (a) any injury resulting from determining to parole or release a prisoner, to revoke his or her parole or release, or the terms and conditions of his or her parole or release [or] (b) Any injury inflicted by an escaped or escaping prisoner.") *See Ries v. City of Chicago*, 242 Ill. 2d 205, 950 N.E.2d 631 (Ill. S.Ct. 2011) (immunity protected city from personal injury claims of motorist injured after a man who was placed in the back of a squad car by a police officer stole the squad car and collided it with the injured motorist's vehicle).[1]

---

[1] The raising of this statutory immunity under 10/4-106(b) in this motion is framed by the FAC, which alleges that at the time Ellen Marsh was murdered by Shane Bouma, that Bouma was an escaped prisoner. *See* FAC, ¶¶ 70, 92-93. There is no allegation in the FAC that Bouma was in the physical custody of the Sheriff at any time he was on furlough.

Finally, section 4-102 of the Tort Immunity Act immunizes all Defendants from liability as to all of Plaintiff's state law claims. *See Medina v. City of Chicago*, 2002 U.S. Dist. LEXIS 17011, *18 ("Section 4-102 bars all theories of tort liability, including claims of willful and wanton misconduct.") (citing *McLellan v. City of Chicago Heights*, 61 F.3d 577, 579 (7th Cir. 1995)). *See also Vasconcelles v. Springfield*, 170 Ill.App.3d 404, 408-409, 524 N.E.2d 770 (4th Dist. 1988) (in a wrongful death case premised on police failure to provide adequate protection to the decedent, granting immunity for all municipal defendants under sections 4-102 and 4-107 of the Tort Immunity Act); *Jamison v. Chicago*, 48 Ill.App.3d 567, 569-570, 363 N.E.2d 87 (1st Dist. 1977) (same). Therefore, because all of the County of Winnebago Defendants have statutory immunity to Plaintiff's state law claims, judgment should be entered in their favor as to Counts III-VI as a matter of law.

## Conclusion

Wherefore, Defendants Gary Caruana, Winnebago County Sheriff, individually and in his official capacity, Robert Redmond, Winnebago County Jail Superintendent, individually and in his official capacity, and the County of Winnebago respectfully request that judgment be entered in their favor and against Plaintiff with respect to all counts of the Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Michael F. Iasparro
Michael F. Iasparro

Michael F. Iasparro
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Telephone: 815-490-4900
Facsimile: 815-490-4901
miasparro@hinshawlaw.com

10

**AFFIDAVIT OF FILING AND SERVICE**

The undersigned certifies that on December 21, 2022, a copy of the foregoing **Defendants Gary Caruana, Robert Redmond and the County of Winnebago's Motion for Judgment on the Pleadings as to First Amended Complaint** was electronically filed and served via the U.S. District Court CM/ECF E-Filing System upon the following:

>Daniel Q. Herbert
>The Herbert Law Firm
>206 S. Jefferson, Suite 100
>Chicago, IL 60661
>dan.herbert@danherbertlaw.com

>Thomas J. Hayes
>Aronberg Goldgehn Davis & Garmisa
>330 North Wabash, Suite 1700
>Chicago, Illinois 60611
>thayes@agdglaw.com

>*s/ Michael F. Iasparro*

HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
(815) 490-4900
Fax: (815) 490-4901